IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICHARD MICHAEL JONES §
§
Petitioner, §
§
VS. §
§ NO. 3-07-CV-0155-M
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
§
Respondent. §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Michael Jones, appearing *pro se*, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should

be dismissed without prejudice for failure to exhaust state remedies.

I.

On October 25, 2005, petitioner pled guilty to three counts of aggravated assault on a public

servant and two counts of aggravated assault with a deadly weapon.  Punishment was assessed at 15

years confinement in each case.  All five convictions were affirmed on direct appeal. *Jones v. State*,

Nos. 05-05-01609-CR, 05-05-01610-CR, 05-05-01611-CR, 05-05-01612-CR & 05-05-01613-CR,

2006 WL 2875375 (Tex. App.--Dallas, Sept. 26, 2006, no pet.).  Petitioner alleges that he filed an

application for state post-conviction relief on February 9, 2007.[1]  Before receiving a ruling on his

---

[1] A search of the official websites of the Dallas County courts and the Texas Court of Criminal Appeals reveals that neither court has a record of petitioner's state writ.  Nevertheless, this court will assume that petitioner filed an application for state post-conviction relief on February 9, 2007 as alleged in his interrogatory answers.  (*See* Interrog. #1(b)).

-1-

state writ, petitioner filed this action in federal district court.

On March 30, 2007, the court sent written interrogatories to petitioner in order to determine whether the claims raised in his federal writ were properly presented to the Texas Court of Criminal Appeals for review. Petitioner answered the interrogatories on April 16, 2007. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Petitioner did not file a petition for discretionary review after the Texas court of appeals affirmed his convictions. Although petitioner alleges that he filed an application for state post-conviction relief on February 9, 2007, he concedes that the Texas Court of Criminal Appeals has not ruled on the writ. (*See* Interrog. #1(f)). Because the highest available state court has not yet considered petitioner's claims, his federal writ must be dismissed.

-2-

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:    April 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

-3-